IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
NORTHERN DIVISION

2006 SEP 29 P 4: 41

TAMMY ALFORD, RACHAEL          *
WATTS, AND OTHERS              *
SIMILARLY SITUATED,            *
                               *
        Plaintiff,             *
                               *
v.                             *           Case No.: 2:06CV 883-M
                               *                                E
THE CRENSHAW COUNTY            *                                F
BOARD OF EDUCATION, BRIT       *
RICHARDSON, WILLIAM EARL       *
ROPER, JANIE DAY, individually *
and in their Official Capacity, *
                               *
        Defendants.

## NOTICE OF REMOVAL

**COMES NOW** the Petitioners, the Crenshaw County Board of Education and Brit Richardson, William Earl Roper and Janie Day, in their individual and official capacities as members of the Crenshaw County Board of Education, and respectfully shows unto this Honorable Court as follows:

1.      The Petitioners are Defendants in a civil suit filed in the Circuit Court of Crenshaw County, Alabama. The style of the action in Circuit Court is *Tammy Alford, Rachael Watts, and Others similarly situated v. The Crenshaw County Board of Education, Brit Richardson, William Earl Roper, Janie Day, individually and in their Official Capacity*, Case No. CV-06-89. A copy of the *Complaint* and Temporary Restraining Order are attached as Exhibit "A."

2.      The Plaintiffs allege that their employment contracts are being terminated in violation of their due process and equal protection rights guaranteed by both the Alabama Constitution and the United States Constitution including making a claim pursuant to 42 U.S.C. § 1983 and §1988.

Plaintiffs also allege that their contract terminations were effected in violation of state employment laws.

3.      Pursuant to 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or tries of the United States." Plaintiffs have asserted that their contract rights are being violated pursuant to the United States Constitution's guarantee of due process and equal protection. Accordingly, the district court has original jurisdiction of this action.

4.      Pursuant to 28 U.S.C. §1441(b), "[a]ny civil action of which the district court has original jurisdiction founded on a claim or right arising under the Constitution...shall be removable without regard to the citizenship or residence of the parties." Accordingly, this action is proper for removal.

5.      To effect such removal, the Petitioners must file a *Notice of Removal* signed pursuant to *Federal Rule of Civil Procedure* 11 which contains a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon the petitioners. The Petitioner do so with this petition.

6.      Federal question jurisdiction is present in this matter, notwithstanding any ancillary state law claims. The existence of these additional or otherwise nonremovable claims or causes of action does not prevent removal. 28 U.S.C. §1441(c).

7.      The federal district court has jurisdiction of this action by virtue of federal question jurisdiction and pursuant to 28 U.S.C. §§1331 and 1441.

8.      This matter is being removed to the United States Court for the Middle District of Alabama because the Plaintiffs and Defendants are residents of Crenshaw County and because most of the actions complained of in the complaint allegedly occurred in Crenshaw County. This petition is properly placed in the Northern Division of the United States District Court for the Middle District of Alabama as Crenshaw County is in the Northern Division.

2

9.     The Summons and Complaint filed in the Circuit Court of Crenshaw County were served on the Petitioners on September 27, 2006.  No Answer has been filed in this action.  See attached case action summary from the State of Alabama Judicial Information System, marked a Exhibit "B".

10.    A true copy of this Notice has been filed with the Clerk for the Circuit Court of Crenshaw County, Alabama, as required by law.

WHEREFORE, and Petitioners pray that this Honorable Court will consider this Notice as provided by law governing the removal of causes to this Court, that this Court will make the proper orders to effect the removal of this cause from the Circuit Court of Crenshaw County, Alabama, to this Court, and such other and further orders as may be appropriate as to effect the preparation and filing of a true record in this case of all proceedings that may have been had in the Circuit Court.

Done this the 29th day of September 2006.

CRENSHAW    COUNTY    BOARD    OF
EDUCATION,    BRIT    RICHARDSON,
WILLIAM EARL ROPER, JANIE DAY,
Defendants,

By: _____
James R. Seale (SEAL J3617)
Elizabeth B. Carter (CARTE3272)
HILL, HILL, CARTER, FRANCO,
    COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969 - fax
E-mail: jrs@hillhillcarter.com
Counsel for Defendants
wwm/6690.016b/g:Notice of Removal.wpd

3

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed on this the 29th day of September 2006:

Charles F. Norton, Esq.
Post Office Box 4177
Montgomery, Alabama 36103-4177

OF COUNSEL

4



RECEIVED

SEP 2 6 2006

IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

TAMMY ALFORD, RACHAEL WATTS, AND OTHERS   )
SIMILARLY SITUATED                        )
        Plaintiffs,                      )
                          )
v.                                        )        CV -06-89

THE CRENSHAW COUNTY BOARD OF EDUCATION,
BRIT RICHARDSON, WILLIAM EARL ROPER,
JANIE DAY,
individually and in their Official Capacity,

Defendants.

VERIFIED COMPLAINT AND APPLICATION FOR A TEMPORARY
RESTRAINING ORDER, PRELIMINARY INJUNCTION,
WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

COME NOW the plaintiffs, Tammy Alford and Rachael

Watts, individually and as representatives for all

similarly situated employees whose employment actions were

illegal, and file this verified complaint and application

for temporary restraining order and preliminary injunction

against the defendants pursuant to Alabama Rule of

Procedure 65. Plaintiffs apply for a temporary restraining

order restraining defendants from taking any employment

actions towards them as a result of illegal actions of the

Crenshaw County Board of Education ("the Board")terminating

the plaintiffs' employment as cheerleader coaches, pending

hearing and determination of plaintiffs' motion for

1

**EXHIBIT**

**A**

preliminary injunction, on the grounds that immediate and irreparable injury will result to plaintiffs before the defendants or their attorneys can be heard in opposition, as more fully appears from the verified complaint herein. Plaintiffs also respectfully request that this Honorable Court grant injunctive relief requested in the petition filed contemporaneously herewith and that after the granting of such petition, set this matter for hearing and thereafter issue an order declaring the relative rights of the parties, and that a writ of mandamus issue to the defendants requiring them to withdraw any attempts to transfer plaintiffs or terminate the contracts of employment of the plaintiffs and that the plaintiffs be restored to full employment in their present positions as cheerleader coaches at the Crenshaw County Board of Education (hereinafter "the Board"), and that plaintiffs and all similarly situated employees be properly compensated as mandated by State law, and grant such other relief as may be proper, and as grounds therefore show unto the Court the following:

## VERIFIED COMPLAINT

### Jurisdiction

1.   This is an action seeking declaratory judgment and injunctive relief for the performance of duties and

obligations owed to the plaintiff by the defendants. Plaintiffs seek the issuance of remedial writs, including the issuance of a writ of mandamus, as authorized pursuant to the provisions of §§6-6-640, et seq., Code of Alabama (1975) and Rule 81(a)(19), Ala. Rules of Civil Procedure, as well as injunctive relief, as authorized pursuant to the provisions of §§6-6-500, et seq., Code of Alabama (1975) and Rule 65, Alabama Rules of Civil Procedure. Plaintiffs also seek a declaratory judgment, as authorized pursuant to the provisions of §§6-6-622, et seq., Code of Alabama (1975).  Plaintiffs also invoke the jurisdiction of this court seeking that relief to which they are entitled based upon claims for violation of state and federal laws, particularly §16-9-23 Code of Alabama which requires "the recommendation of the superintendent" to effect a legal dismissal; and §16-24-12 which deems a coach reemployed each year unless she receives written notice of dismissal "on or before the last day of the of the term of the school in which the teacher is employed".  The Court has jurisdiction on these matters pursuant to the Alabama Constitution and United States Constitution guaranteeing due process and equal protection rights to its citizens such as plaintiffs.

3

### The Parties

2.    Plaintiffs Tammy Alford and Rachael Watts are tenured employees of the Board who are being illegally dismissed as cheerleader coaches at Luverne School without the recommendation of the Superintendent, and are residents of Crenshaw County, Alabama, and are over the age of twenty-one (21) years.

3.    Defendant Crenshaw County Board of Education is the entity responsible for certain aspects of supervision of schools in Crenshaw County Alabama, including but not limited to voting on the recommendation of the Superintendent regarding personnel matters, and as such, is required to perform its duties in accordance with state law and to confine its exercise of power to those areas of jurisdiction pursuant to said state laws.

4. Defendants Brit Richardson, William Earl Roper and Janie Day are Board members, and as such, are required to perform their duties in accordance with state law. They deliberately and illegally dismissed plaintiffs without the recommendation of the Superintendent and contrary to the advice of Board counsel, and have maliciously refused to correct their errors and perform their legal duties. They are over the age of twenty-one (21) years and are sued individually and in their official capacity.

4

5. Plaintiffs aver that defendants have acted willfully, knowingly, maliciously, fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law and are not immune from suit pursuant to <u>Ex parte Cranman</u>, 2000 WL 1728367 (Ala. 2000).

## Factual Allegations

6. On or about September 18, 2006, without the recommendation of the Superintendent, defendants Richardson, Roper, and Day forced the Board to vote to dismiss plaintiffs as cheerleader coaches.

## Claims for Violation of Laws

7. Defendants breached plaintiffs' employment contract for a one-year period and have failed to comply with the provisions of §16-9-23 and 16-24-12, <u>Code of Alabama</u> (1975) in that a dismissal of a coach during the contract term requires "the recommendation of the superintendent and the approval of the employing board of education". Moreover, defendants tortuously interfered with plaintiffs' right to a one-year employment contract. <u>Ed Richardson, et al. v. Karen Terry, et al.</u> 893 So. 2d 277 (Al. 2004). Because plaintiffs were not notified in writing before the end of the school year, plaintiffs

cannot be terminated as coaches. Davis v. Gadsden City Board of Education, 852 So.2d 774 (Al.Civ. App. 2003).

8. Plaintiffs enjoy certain due process and equal protection rights pursuant to state law, Board policy and state and federal constitutions. Defendants have denied plaintiffs such procedural safeguards and rights of due process and equal protection.

9. Plaintiffs' rights of Equal Protection under Law, both as members of a class of one, as contemplated by the authority and holding of Village of Willowbrook v. Olech, 528 U. S. 562 (2000), have been violated by the actions of defendants. Defendants' actions are deliberate, willful, arbitrary and capricious in violation of plaintiffs' equal protection rights and due process rights.

10. Defendants cannot continue or seek to resurrect termination actions as such purported actions have been abandoned by the defendants for failure to comply with the provisions of state law and policies.

11. Such actions of the defendants are null and void in that they were taken in violation of rights afforded the plaintiffs under state law, as well as Board policy, custom and practice.

12. Such actions of defendants are null and void, based upon abandonment and waiver of prior action, nor may

such subsequent proceedings be considered valid. <u>Alabama State Tenure Commission v. Tuscaloosa County Board of Education</u>, 401 So. 2d 84 (Ala. Civ. App. 1981).

13. The wrongful actions of the defendants in depriving plaintiffs of their rights of due process under the law were actions taken under color of state law.

14. As a result of the defendants' actions as more fully set out herein above, plaintiffs have suffered, and will continue to suffer, damages in that they have lost employment, salary and benefits; have suffered, and will continue to suffer, personal and professional ostracism; have been, and will continue to be, injured in their personal and professional reputations; have suffered, and will continue to suffer, damage to career opportunities; have had to seek legal counsel; have been caused, and will be caused, mental and emotional pain and anguish; and have been caused, or will be caused, financial injury by the loss of salary and benefits.

15. Plaintiffs allege that the damage sustained, and to be sustained by them, is due to the negligence or callous disregard by the defendants to their rights, and thus defendants should be liable for all damages resulting from said wrongful, unwarranted, unsubstantiated, and unconstitutional actions.

16. Further, such actions taken by the defendants in terminating plaintiffs' employment are null and void and further are contrary to law and without jurisdiction or authority under any provision of state or federal law.

17. Defendants have failed or refused to follow state and federal laws.

18. As a result of the defendants' actions or inaction as more fully set out herein above, plaintiffs are entitled by law to maintain their present employment positions, with all salary, insurance and other privileges and benefits. Further, plaintiffs have a clear legal right to the relief sought herein, which the defendants have refused to recognize.

19. The actions of the defendants have been, and are as threatened to be, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

20. Plaintiffs have been denied their clear rights to due process of law guaranteed pursuant to state law by the defendants who have acted under color and authority of state law. Plaintiffs therefore request relief pursuant to 42 U.S.C. §1983, including attorneys' fees per 42 U.S.C. §1988.

21. Defendants'    actions    constitute    unlawful,

unreasonable, capricious, and arbitrary conduct and are an abuse of the defendants' official power and discretion and are also an arbitrary or capricious exercise of the defendants' discretion.

22. Although plaintiffs contend that the purported cancellation action is fundamentally and constitutionally flawed, and thus is null and void, defendants may argue that failure to act constitutes a waiver of objection to such actions; thus plaintiffs are required to file the instant litigation to preserve objections and raise issues as set out herein, and to request immediate relief and ruling in their favor.

## Relief Requested

WHEREFORE, PREMISES CONSIDERED, the plaintiffs respectfully request that the following relief be granted:

A. Issue an Order that directs defendants to immediately rescind its action for failure to comply with the provisions of state law, in particular the provisions of Code of Alabama, §§16-9-23 and 16-24-12, as well as the policies, custom and practice of the Board.

B. Issue a declaratory judgment that the defendants' purported actions of cancellation of contracts of employment are null and void and that the plaintiffs have

been, and shall remain, and are entitled to all rights, privileges and benefits of such employment.

C.  Enter a temporary restraining order which would grant the relief as more fully set out herein above, including but not limited to declaration that such employment actions are null and void and order restoration of all employment benefits and further order the parties in this cause to stay all further proceedings pending hearing on request for preliminary and final injunctive relief;

D.  That said order would require defendants to allow plaintiffs to continue their employment, and that no replacement for their positions be hired, and would further enjoin the defendants from taking any adverse action against the plaintiffs regarding their employment status with the Board;

E.  That, after a hearing on the merits of this case, this Court enter an order which declares that the plaintiffs are entitled to full and complete employment and restoration of their present positions and all benefits; back pay if proper; restoration to all rights, entitlement and benefits of employment.

F.  That, after further hearing and consideration, plaintiffs be awarded the amount of any and all direct damages that she has suffered as a result of the actions of

the defendants.

G.   That said assessment and valuation of any such damage claim to be so awarded, after presentation of proper evidence to this Honorable Court, in that amount including but not limited to the expenses of the maintenance of this action; along with any other expenses incurred, including but not limited to any and all expenses incurred by the plaintiffs as a result of the bringing of this action.

H.   That the costs of this action be taxed against the defendants, which said costs would include, but not be limited to, a reasonable attorneys' fee and court costs;

I.   That attorneys' fees and costs pursuant to the provisions of 42 U.S.C. §1988 be awarded; and

J.   Plaintiffs further pray that they be awarded any other or further relief and any other and further orders and judgments be entered as to which he may be entitled under the facts as set out above.

Respectfully submitted this the 20TH day of September, 2006.


Charles F. Norton (NOR007)
Co-Counsel for the Plaintiffs
P.O. Box 4177
Montgomery, AL  36103-4177
Telephone: (334) 834-9790

Facsimile: (334) 834-7034


Note: Via Hand Delivery, Federal Express, Facsimile Transfer or U. S. Mail, Courtesy Copy of the Complaint has been submitted to the following Counsel for Defendants:

Mike Jones, Esq.
Attorney for the Crenshaw County Board of Education
P.O. Box 367
Luverne, Alabama 36049


## VERIFICATION AND CONSENT

I hereby verify and affirm that I have read the above and forgoing and state that the facts as set out therein are true and correct according to my knowledge, information and belief.

Dated this the _20th_ day of September, 2006.

_Tammy Alford_
Tammy Alford

12

STATE OF ALABAMA

COUNTY OF ~~JEFFERSON~~ Crenshaw

Sworn to and subscribed before me the undersigned notary in and for the state and county as noted above on this the 20th day of September, 2006.

_Limann Hevagan_
Notary Public

Notary Public, State of Alabama at Large
My Commission Expires: Nov. 24, 2008
Bonded Thru Notary Public Underwriters

## VERIFICATION AND CONSENT

I hereby verify and affirm that I have read the above and forgoing and state that the facts as set out therein are true and correct according to my knowledge, information and belief.

Dated this the 20th day of September, 2006.

_Rachel Watts_
Rachael Watts

STATE OF ALABAMA

COUNTY OF JEFFERSON

Sworn to and subscribed before me the undersigned

13

notary in and for the state and county as noted above on
this the _20ᵗʰ_ day of September, 2006.

_Lynann Heragen_

Notary Public

Notary Public, State of Alabama at Large
My Commission Expires: Nov. 24, 2008
Bonded Thru Notary Public Underwriters

14

## AFFIDAVIT OF SUPERINTENDENT KATHI WALLACE

My name is Kathi Wallace. I am the Superintendent of the Crenshaw County School System. The following statement is true to the best of my knowledge.

On Monday, September 18, 2006, at a special called board meeting, board members Britt Richardson, William Earl Roper, and Janie Day voted to dismiss the LHS Cheer Coach and assistant. The action taken by these board members was not recommended by the superintendent. The board's attorney, Mike Jones, advised the board members that the board still needed the recommendation of the superintendent to take personnel actions. Against the advice of the board attorney, board members Britt Richardson, William Earl Roper, and Janie Day voted to dismiss the cheer coaches from their positions.

_Kathi Wallace_
Kathi Wallace, Superintendent

STATE OF ALABAMA

COUNTY OF CRENSHAW

Sworn to and subscribed before me the undersigned notary in and for the state and county as noted above on this the 20th day of September, 2006.

_Lynann Henagen_
Notary Public

Notary Public, State of Alabama at Large
My Commission Expires: Nov. 24, 2008
Bonded Thru Notary Public Underwriters

## VERIFICATION AND CONSENT

I hereby verify and affirm that I have read the above and forgoing and state that the facts as set out therein are true and correct according to my knowledge, information and belief.

Dated this the 20th day of September, 2006.

_Kathi Wallace_
Kathi Wallace

SEP 2 6 2006

# IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

TAMMY ALFORD,                                    )
RACHAEL WATTS,                                   )
                                                 )
          Plaintiffs                             )
                                                 )
    v.                                           )
                                                 ) Case No. CV-06-89
THE CRENSHAW COUNTY BOARD OF EDUCATION,          )
BRIT RICHARDSON, WILLIAM EARL ROPER,             )
JANIE DAY,                                       )
                                                 )
          Defendants.                            )

## TEMPORARY RESTRAINING ORDER

This matter coming on the to heard on the 20th day of September, 2006,
Plaintiffs' application for a temporary restraining order and preliminary
injunction against the Defendants and the verified complaint of the Plaintiffs, and
it appearing to the Court that there is a chance that immediate and irreparable
injury will be caused to the Plaintiffs if the Defendants are allowed to terminate
plaintiffs' employment as coaches in violation of Alabama law and without
establishing other procedural due process and fair play requirements. Stallworth
v. City of Evergreen, 680 So. 2d 229, (Ala. 1996). The parties require speedy
resolution of the legal issues involved in this case or Plaintiffs will in effect be
caused to waive their due process and equal protection rights in their employment
and face economic hardship. Further, it appearing to the Court that the Plaintiffs
will suffer greater injury from the denial of a temporary restraining order than will
the Defendants from its issuance;

NOW THEREFORE, it is ordered that defendants and all persons acting in
concert or participation with them are restrained and enjoined from:

1. Proceeding with any attempts to terminate plaintiffs' employment as
   coaches.

    2.   Proceeding with any and all further proceedings to terminate
           Plaintiff's coaching employment pending hearing on request for
           Preliminary and final injunctive relief.

**IT IS FURTHER ORDERED** that this temporary restraining order shall remain in full force and effect for a period that shall exceed ten (10) days and until further or additional orders are issued by this Court. As the Court will consider at the final hearing the issue of the continuance of the restraining order against the Defendants and will also consider the issuance of a preliminary injunction against the Defendants, the Court finds for good cause that the temporary restraining order should be extended until such time as the Defendants have been served with this action and until such time as they have the opportunity to secure legal counsel and prepare for the final hearing to be held on this matter.

**IT IS FURTHER ORDERED** that a final hearing will be held in this matter upon proper motion being filed by any party hereto.

Done this _20ᵗʰ_ day of September 2006 at _10:30_ o'clock ~~am~~/pm.


_____
THOMAS E. SPORT
Acting Circuit Judge



***alacourt.com's***

### *Alabama SJIS Case Detail*

| Settings | Parties | Case Action Summary | Witness List | Financial | Consolidated CAS |
|---|---|---|---|---|---|

| *Case* | | | | | | | |
|---|---|---|---|---|---|---|---|
| County | 24 | Case Number | ●CV 2006 000089 00 | JID | HEM | Trial | B |
| Style | **TAMMY ALFORD & RACHEL WATTS VS CRENSHAW CO BOARD OF EDUCATION, ET AL** | | | | | | |
| Code | EQND | Type | EQUITY NON-DAMAGE | Filed | 09202006 | Track | |
| Amount | | Status | ACTIVE | Plaintiffs | 002 | Defendants | 004 |
| DJID | | Court Action | 00000000 | | | For | |
| Damages-Comp | | Damages-Pun | | Damages-Gen | | No Damages | |
| Trial Days | | Lien | | | | | |

| *Settings* | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date 1 | | Que 1 | | Time 1 | | Description | |
| Date 2 | | Que 2 | | Time 2 | | Description | |
| Date 3 | | Que 3 | | Time 3 | | Description | |
| Date 4 | | Que 4 | | Time 4 | | Description | |
| Cont Date | | Why | | | | Cont # | |
| RevJmt | | Admin Date | | Why | | | |
| Appeal Date | | CRT | | Case | 0000 000000 00 | | |
| TBNV1 | | CRT | | DSDT | | DTYP | |
| Comment 1 | | TBNV2 | | | | | |
| Comment 2 | | | | | | | |

| *Party 1* | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party | C 001 | Name | ALFORD TAMMY | | | Type | INDIVIDUAL |
| INDX | D/CRENSHAW BOE | ANAM | | | | JID | HEM |
| SSN | | Address 1 | | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 334 000 0000 |
| Atty 1 | NORTON CHARLES F JR | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

| *Party 2* | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party | C 002 | Name | WATTS RACHEL | | | Type | INDIVIDUAL |
| INDX | D/CRENSHAW BOE | ANAM | | | | JID | HEM |
| SSN | | Address 1 | | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 334 000 0000 |
| Atty 1 | NORTON CHARLES F JR | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | | | | |
| CACT | | Date | | | | Exep | O |
| AMT | | Cost | | | | Satisfied | |
| Comment | | | | | | | |

| *Party 3* | | | | | | | |
|---|---|---|---|---|---|---|---|

EXHIBIT
B

| Party | D 001 | Name | CRENSHAW BOARD OF EDUCATION | | Type | INDIVIDUAL |
|---|---|---|---|---|---|---|
| INDX | C/ALFORD | ANAM | | | JID | HEM |
| SSN | | Address 1 | 183 VOTEC DRIVE | | Sex | |
| DOB | | Address 2 | | | Race | |
| Country | US | City | LUVERNE AL 36049 0000 | | Phone | 334 000 0000 |
| Atty 1 | | Atty 2 | | Atty 3 | Atty 4 | |
| Atty 5 | | Atty 6 | | | | |
| Issued | 09202006 | Type | S SHERIFF | Reissue | Type | |
| Return | | Type | | Return | Type | |
| Service | 09272006 | Type | S SERVED PERSON | Serv On | D | By | BLUE |
| Answer | | Type | | NS Not | NA Not | |
| Warrant | | Type | | Arrest | | |
| CACT | | Date | | For | Exep | O |
| AMT | | Cost | | Other | Satisfied | |
| Comment | | | | | | |

*Party 4*

| Party | D 002 | Name | RICHARDSON BRIT | | Type | INDIVIDUAL |
|---|---|---|---|---|---|---|
| INDX | C/ALFORD | ANAM | | | JID | HEM |
| SSN | | Address 1 | C/O CRENSHAW BOE | | Sex | |
| DOB | | Address 2 | 183 VOTEC DR | | Race | |
| Country | US | City | LUVERNE AL 36049 0000 | | Phone | 334 000 0000 |
| Atty 1 | | Atty 2 | | Atty 3 | Atty 4 | |
| Atty 5 | | Atty 6 | | | | |
| Issued | 09222006 | Type | S SHERIFF | Reissue | Type | |
| Return | | Type | | Return | Type | |
| Service | | Type | | Serv On | By | |
| Answer | | Type | | NS Not | NA Not | |
| Warrant | | Type | | Arrest | | |
| CACT | | Date | | For | Exep | O |
| AMT | | Cost | | Other | Satisfied | |
| Comment | | | | | | |

*Party 5*

| Party | D 003 | Name | ROPER WILLIAM EARL | | Type | INDIVIDUAL |
|---|---|---|---|---|---|---|
| INDX | C/ALFORD | ANAM | | | JID | HEM |
| SSN | | Address 1 | C/O CRENSHAW BOE | | Sex | |
| DOB | | Address 2 | 183 VOTEC DRIVE | | Race | |
| Country | US | City | LUVERNE AL 36049 0000 | | Phone | 334 000 0000 |
| Atty 1 | | Atty 2 | | Atty 3 | Atty 4 | |
| Atty 5 | | Atty 6 | | | | |
| Issued | 09202006 | Type | S SHERIFF | Reissue | Type | |
| Return | | Type | | Return | Type | |
| Service | | Type | | Serv On | By | |
| Answer | | Type | | NS Not | NA Not | |
| Warrant | | Type | | Arrest | | |
| CACT | | Date | | For | Exep | O |
| AMT | | Cost | | Other | Satisfied | |
| Comment | | | | | | |

*Party 6*

| Party | D 004 | Name | DAY JANIE | | Type | INDIVIDUAL |
|---|---|---|---|---|---|---|
| INDX | C/ALFORD | ANAM | | | JID | HEM |
| SSN | | Address 1 | C/O CRENSHAW BOE | | Sex | |
| DOB | | Address 2 | 183 VOTEC DRIVE | | Race | |
| Country | US | City | LUVERNE AL 36049 0000 | | Phone | 334 000 0000 |
| Atty 1 | | Atty 2 | | Atty 3 | Atty 4 | |
| Atty 5 | | Atty 6 | | | | |
| Issued | 04282006 | Type | S SHERIFF | Reissue | Type | |
| Return | | Type | | Return | Type | |
| Service | | Type | | Serv On | By | |
| Answer | | Type | | NS Not | NA Not | |
| Warrant | | Type | | Arrest | | |
| CACT | | Date | | For | Exep | O |

| AMT | | Cost | | Other | | Satisfied | |
|---|---|---|---|---|---|---|---|
| Comment | | | | | | | |

**Case Action Summary**

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 09202006 | 1122 | ASSJ | ASSIGNED TO JUDGE: H. EDWARD MCFERRIN (AV01) | OLG |
| 09202006 | 1122 | ORIG | ORIGIN: INITIAL FILING (AV01) | OLG |
| 09202006 | 1122 | TDMN | BENCH/NON-JURY TRIAL REQUESTED (AV01) | OLG |
| 09202006 | 1122 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | OLG |
| 09202006 | 1122 | STYL | TAMMY ALFORD, ET AL VS CRENSHAW BOARD OF EDUCATION | OLG |
| 09202006 | 1123 | PART | ALFORD TAMMY ADDED AS C001 (AV02) | OLG |
| 09202006 | 1123 | ATTY | LISTED AS ATTORNEY FOR C001: NORTON CHARLES F JR | OLG |
| 09202006 | 1123 | PART | WATTS RACHEL ADDED AS C002 (AV02) | OLG |
| 09202006 | 1123 | ATTY | LISTED AS ATTORNEY FOR C002: NORTON CHARLES F JR | OLG |
| 09202006 | 1123 | PART | CRENSHAW BOARD OF EDUCATION ADDED AS D001 (AV02) | OLG |
| 09202006 | 1124 | PART | RICHARDSON BRIT ADDED AS D002 (AV02) | OLG |
| 09202006 | 1124 | PART | ROPER WILLIAM EARL ADDED AS D003 (AV02) | OLG |
| 09202006 | 1124 | PART | DAY JANIE ADDED AS D004 (AV02) | OLG |
| 09202006 | 1126 | TEXT | VERFIED COMPAINT AND APPLICATION FOR RESTAINING | OLG |
| 09202006 | 1126 | TEXT | TEMP RESTRAINING ORDER, PREL. INJUNCTION, WRIT OF | OLG |
| 09202006 | 1126 | TEXT | MANDAMUS, AND DECLARATORY JUDGMENT FILED | OLG |
| 09202006 | 1324 | SUMM | SHERIFF ISSUED: 09/20/2006 TO D001 (AV02) | OLG |
| 09202006 | 1326 | SUMM | SHERIFF ISSUED: 09/20/2006 TO D003 (AV02) | OLG |
| 09202006 | 1326 | SUMM | SHERIFF ISSUED: 04/28/2006 TO D004 (AV02) | OLG |
| 09202006 | 1340 | SUMM | SHERIFF ISSUED: 09/22/2006 TO D002 (AV02) | OLG |
| 09202006 | 1344 | TEXT | TEMPORATY RESTRAINING ORDER FILED | OLG |
| 09202006 | 1344 | TEXT | COPY OF COMPLAINT, SUMMONS AND TRO TO SO FOR | OLG |
| 09202006 | 1344 | TEXT | SERVICE ON DEFTS. COPY OF TRO TO PL ATTY | OLG |
| 09202006 | 1351 | STYL | TAMMY ALFORD, ET AL VS CRENSHAW BOARD OF EDUCATION | OLG |
| 09202006 | 1351 | STYL | ET AL (AV01) | OLG |
| 09282006 | 0931 | SERC | SERVICE OF SERVED PERSON ON 09/27/2006 FOR D001 | OLG |